OPINION OF THE COURT
Herman Cahn, J.
In this proceeding brought pursuant to article 78 of the *330 CPLR, petitioner Marc La Cloche seeks to annul respondent’s December 4, 2001 denial of his application for a barber apprentice certificate of registration. The denial was based solely on his previous criminal conviction.
Petitioner was convicted in December 1991 of robbery in the first degree (see Penal Law § 160.15). During the approximately 11 years petitioner was incarcerated in various correctional facilities in this state, he completed a barber vocational training program, received good evaluations, became a barber’s assistant and then a professional barber, and trained other inmates in the practice of barbering. Petitioner also earned a high school equivalency diploma. In August 2000, while incarcerated at Clinton Correctional Facility and in anticipation of parole, petitioner applied to respondent’s division of licensing services for a certificate of registration as a barber apprentice. By letter determination dated September 28, 2000, respondent denied the application solely on the ground that “[applicant's criminal history indicates lack of good moral character and trustworthiness required for licensure.”
Petitioner appealed the denial and requested a hearing before an administrative law judge (ALJ). At the hearing held May 16, 2001, petitioner was represented by counsel. By decision dated June 25, 2001, the ALJ determined that neither article 28 of the General Business Law, nor the corresponding regulations (see 19 NYCRR part 165), require an applicant for a barber apprentice certificate of registration to submit satisfactory evidence of good moral character. The ALJ then ordered respondent to issue a certificate to petitioner.
Respondent issued the certificate and petitioner began work as a licensed barber apprentice in New York City.
Respondent appealed the ALJ’s decision. By decision dated December 4, 2001, respondent found that the ALJ “erred as a matter of law in holding that the applicant for a certificate of registration as a barber apprentice is not required, if requested, to present satisfactory evidence of good moral character.” Respondent also found that “[a] review of the Administrative Hearing indicates that the issue of [La Cloche’s] good moral character was not fully presented by reason of the Administrative Law Judge’s dismissal on [these] grounds.” Respondent also noted that the decision does not preclude La Cloche from presenting evidence of his good moral character in subsequent proceedings. Respondent then reversed the ALJ’s decision and remanded the record of hearing to the office of administrative hearings “for action consistent with this decision.”
*331 Nothing in the record indicates that the administrative hearings office held a new hearing or requested that petitioner submit evidence of good moral character. Instead, respondent merely revoked the certificate it had previously issued.
Petitioner ceased work as a barber apprentice and commenced this proceeding on the ground that respondent misinterpreted the applicable law in holding that an applicant must present evidence of good moral character to qualify for a certificate of registration as a barber apprentice. Petitioner contends that the statute governing such applicants does not expressly require proof of good moral character and, therefore, no such requirement may be implied.
In opposition, respondent contends that it did not exceed its statutory and discretionary authority in denying the application based solely on petitioner’s previous criminal conviction.
The licensing and conduct of persons engaged in the practice of barbering is governed by article 28 of the General Business Law (see General Business Law § 430 et seq.). While, as petitioner correctly notes, the section governing apprentice certificate applications does not specifically list proof of good moral character as a requirement (see General Business Law § 437; see also General Business Law § 434 [1] [b], [e-1]), such requirement is found in the sections which govern all persons engaged in the practice of barbering, whether as barber apprentices or barbers. “It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature * * * and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used” (Patrolmen’s Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976] [citations omitted]).
In interpreting article 28 to include a requirement that an applicant for a barber apprentice certificate must submit evidence of good moral character, respondent relied on its decision issued two years earlier in another administrative proceeding. In that decision, respondent noted that implicit in the statute’s express requirement that a barber license applicant submit satisfactory evidence of good moral character is a similar requirement for an applicant for a barber apprentice certificate (see Matter of Witcher v Division of Licensing Servs., 224 NY DOS 99 [Dept of State 1999]; General Business Law § 434 [1] [b]). Respondent also quoted the ALJ’s conclusion in the earlier proceeding that “[a]ny other interpretation of the statute both would defeat the public protection purpose of the *332 law and would result in inequities in the law” (Matter of Witcher v Division of Licensing Servs., 224 NY DOS 99 [Dept of State 1999], supra).
Respondent has accurately apprehended the Legislature’s intent as indicated by the plain language of the statute (see Matter of Dworman v New York State Div. of Hous. & Community Renewal, 94 NY2d 359 [1999]). Article 28 empowers respondent “[t]o examine into the qualifications and fitness of applicants for licenses or certificates and of prospective applicants under this article” (General Business Law § 433 [2]). The statement of legislative purpose set forth in article 28 makes it clear that the Legislature intended to include an applicant’s moral character within the scope of respondent’s power of examination (see General Business Law § 430). The statute provides in relevant part that:
“The need for technical skill, training and experience, good health, good moral character and other fundamental qualities and qualifications in persons engaged in the practice of barbering, * * * having been unquestionably established and demonstrated * * *, it is the purpose of the legislature, in enacting this article, * * * to safeguard and protect the lives, health and well being of those persons who patronize the barber shops of our state by making adequate provision for the examination, licensing and regulation of the barber shops and the barbers and apprentices to whom such persons submit themselves for barber work.” (General Business Law § 430 [emphasis added].)
Respondent thus correctly interpreted the scope of its authority under article 28 to include the power to inquire into the moral character of an applicant for a certificate of registration as a barber apprentice and to deny an application based on failure to submit satisfactory proof.
However, contrary to respondent’s contention, nothing in General Business Law article 28 or article 23-A of the Correction Law (see Correction Law § 750 et seq. [licensure and employment of persons previously convicted of one or more criminal offenses])[1] permits respondent to deny an application solely on the basis of an applicant’s previous conviction of a *333 crime without inquiry into the factors set forth in Correction Law § 753,[2] 2 which include the applicant’s moral character and possible rehabilitation (see Matter of Bonacorsa v Van Lindt, 71 NY2d 605 [1988]; Matter of Alvarez, 355 NY DOS 99 [Dept of State 1999]).
A denial based solely on such ground would be contradictory to the goals of the barbering vocational programs present in many of this state’s correctional facilities. If the State offers this vocational training program to persons who are incarcerated, it must offer them a reasonable opportunity to use the skills learned thereby, after they are released from prison. Otherwise, there would be little incentive to the prisoner to study this skill. To refuse to certify an applicant as a barber apprentice solely because of a previous criminal conviction would be to deny the applicant the opportunity to practice a trade which the State itself taught him/her. Therefore, and as *334 respondent recognized in its denial, an applicant must be given an opportunity to present evidence of good moral character.
Here, however, evidence of petitioner’s moral character was not requested or presented at the administrative hearing because the ALJ stopped the hearing and rendered a decision based purely on the issues of law raised by the parties. A review of the record below indicates that petitioner was willing to present evidence of good moral character, if requested to do so by respondent. Such evidence might well include petitioner’s record while incarcerated, as well as of his activities since release.
Accordingly, it is ordered and adjudged that the petition is granted to the extent that the determination of respondent Randy A. Daniels, as Secretary of State, reversing the ALJ’s grant of a barber apprentice certificate of registration to petitioner is vacated and the proceeding is remanded to respondent for rehearing consistent with this judgment.

. Section 752 of the Correction Law provides in pertinent part that “[n]o application for any license or employment, to which the provisions of this article are applicable, shall be denied by reason of the applicant’s having been previously convicted of one or more criminal offenses, or by reason of a *333 finding of lack of ‘good moral character’ when such finding is based upon the fact that the applicant has previously been convicted of one or more criminal offenses.”

. Section 753 of the Correction Law provides as follows:
“Factors to be considered concerning a previous criminal conviction; presumption
“1. In making a determination pursuant to section seven hundred fifty-two of this chapter, the public agency or private employer shall consider the following factors:
" “(a) The public policy of this state, as expressed in this act, to encourage the licensure and employment of persons previously convicted of one or more criminal offenses.
“(b) The specific duties and responsibilities necessarily related to the license or employment sought.
“(c) The bearing, if any, the criminal offense or offenses for which the person was previously convicted will have on his fitness or ability to perform one or more such duties or responsibilities.
“(d) The time which has elapsed since the occurrence of the criminal offense or offenses.
“(e) The age of the person at the time of occurrence of the criminal offense or offenses.
“(f) The seriousness of the offense or offenses.
“(g) Any information produced by the person, or produced on his behalf, in regard to his rehabilitation and good conduct.
“(h) The legitimate interest of the public agency or private employer in protecting property, and the safety and welfare of specific individuals or the general public.
“2. In making a determination pursuant to section seven hundred fifty-two of this chapter, the public agency or private employer shall also give consideration to a certificate of relief from disabilities or a certificate of good conduct issued to the applicant, which certificate shall create a presumption of rehabilitation in regard to the offense or offenses specified therein.”